**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN WILLIAM TURNER,

        Plaintiff-Appellee,

v.

CAROL HOUSEMAN, individually,

        Defendant-Appellant,

    and

MICHAEL E. KLIKA, individually;
TOM GRUBER, individually; CITY
OF OKLAHOMA CITY, a political
subdivision of the State of Oklahoma;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA, The State
of Oklahoma ex rel., a state agency
(sued as The Office of the Attorney
General); JOHN DOES 1-5,

        Defendants.

No. 07-6108
(D.C. No. CIV-07-268-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Carol Houseman appeals the district court's denial of her motion to dismiss plaintiff John William Turner's 42 U.S.C. § 1983 civil rights claims on the basis of qualified immunity. In his petition, Turner alleged that Houseman, acting in her individual capacity, violated his Fourth, Fifth, and Fourteenth Amendment rights by participating in or facilitating an unreasonable seizure of his person, without due process of law, and an unreasonable search of his home. The district court denied qualified immunity to Houseman because it determined that Turner had alleged sufficient facts to show that the search and seizure were unreasonable and that the rights asserted were clearly established prior to Houseman's alleged actions. We affirm the challenged order of the district court.

## BACKGROUND

Turner is the father of minor child H.M.T. He was formerly employed as an attorney by the Oklahoma Attorney General's office. In his petition, he alleged that in March 2005, he had an altercation with his former girlfriend. In the course of an investigation of the altercation by the Oklahoma City Police Department (OCPD), the girlfriend accused Turner of sexually abusing her minor child. Houseman, a caseworker for the Oklahoma Department of Human Services (DHS), became involved because of the abuse allegation and began to suspect that Turner had sexually abused H.M.T. as well.

-2-

On April 20, 2005, Turner's supervisor called him into the supervisor's office. The supervisor informed Turner that the OCPD had requested his cooperation in detaining Turner while police officers conducted a warrantless search of Turner's home. Turner was not told the reason for the search. An armed investigator from the Attorney General's office frisked Turner, and Turner was taken to the investigator's office, where he was ordered not to use his computer or telephone until several hours later, when he was returned to his office.

Turner was confronted in his office by defendant Michael E. Klika, an OCPD officer, who told him that his house had been searched. Turner then consented to a search of his car, allegedly under duress. Officer Klika told Turner that he was under investigation for child abuse. After the vehicle search was completed, he allowed Turner to go home.

At home, Turner discovered that his back door had been destroyed and his house had been left in extreme disarray from the warrantless search. Two days later, the Attorney General's office terminated his employment without a hearing. The OCPD seized H.M.T. from her school, and Turner was denied contact with her for two months. Turner was never prosecuted for child sexual abuse, and the DHS later reversed its finding that he had sexually abused H.M.T.

Turner filed his petition in state court, later removed to federal court, alleging that Houseman engaged in a "joint venture" with the other defendants

and that "Defendants Klika and Houseman assisted each other in performing the actions described and lent their physical presence and support, as well as the authority of their offices to each other" during the events in question. Aplt. App. at 15. He asserted that the defendants, including Houseman, wrongfully arrested and detained him without informing him of the nature and cause of the accusation, and searched his home without a search warrant, in violation of his Fourth and Fourteenth Amendment rights. He further asserted that they deprived him of his liberty without due process of law in violation of the Fifth and Fourteenth Amendments. The district court denied qualified immunity to Houseman, reasoning that the allegations of Turner's petition showed that she participated in an unlawful search and seizure, and that the law was clearly established at the time fo the events in question that her acts were illegal.

## ANALYSIS

"An order denying qualified immunity that raises purely legal issues is immediately appealable." *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Our review is de novo, and we accept all well-pleaded allegations of the plaintiff's complaint as true, considering them in the light most favorable to the plaintiff. *Id.* To overcome Houseman's assertion of the qualified immunity defense, Turner must show that the acts complained of violated a constitutional or statutory right, and that the right allegedly violated was clearly established at the time of the conduct at issue. *Id.*

-4-

### 1. Proper Constitutional Standard

Houseman contends that Turner has failed to make the required showing because the facts alleged are not "conscience shocking" and therefore cannot rise to the level of a constitutional violation. Aplt. Opening Br. at 11-12. The "shock-the-conscience" test applies when the plaintiff asserts a substantive due process violation based on executive action that does not implicate a fundamental right. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1203 (10th Cir. 2003). As we read his petition, Turner does not bring his claims against Houseman on the basis of substantive due process,[1] but avers instead specific violations of the Fourth, Fifth, and Fourteenth Amendments, including unlawful search and seizure and a deprivation of procedural due process. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quotation omitted).

---

[1] In his response brief in this court, Turner asserts that Houseman violated his "liberty interest in his familial association" with H.M.T. Aplee Br. at 7. As we read his petition, however, he has not pleaded such a claim against Houseman in her individual capacity. *See* Aplt. App. at 17-21.

-5-

## 2. Fourth Amendment Claim

Turner's Fourth Amendment claim asserts that Houseman assisted in the unlawful seizure of his person and the warrantless search of his home. The Fourth Amendment, which prohibits the unreasonable seizure of persons and searches of their homes, is applicable to the actions of state social workers. *Jones v. Hunt*, 410 F.3d 1221, 1225 (10th Cir. 2005).

Houseman asserts that the district court incorrectly applied the standard relevant to actions by the police to determine whether she violated Turner's Fourth Amendment rights.[2] But as our cases indicate, the ultimate standard is the same, whether police or social workers are involved: "With limited exceptions, a search or seizure requires either a warrant or probable cause." *Id.* at 1227. We have applied these standards to the actions of social workers and police alike. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1240-42 (10th Cir. 2003)

---

[2] In the course of this argument, she asserts that she "is a child protective services social worker for DHS and not a police officer. As such, she has no power to effect an arrest or to execute a search of the Plaintiff's residence or office." Aplt. Opening Br. at 12. We do not conclude from this language that Houseman is seeking qualified immunity based on her lack of personal participation in the search, seizure, or detention. She does not draw this conclusion from the facts asserted, but instead follows them with an argument that "[t]hus, the district court's analysis of Defendant Houseman's conduct for qualified immunity purposes under standards applicable to police officers was in error." *Id.* In any event, Houseman did not make a "lack of personal participation" argument to the district court.

-6-

(applying Fourth Amendment to caseworkers and police who acted together to conduct warrantless entry and seizure of child).

Turning to the first element of Turner's burden regarding the qualified immunity defense, we conclude that his petition alleges facts sufficient to establish a Fourth Amendment violation. "It is well-established that a warrantless search is presumptively unreasonable under the Fourth Amendment and therefore invalid unless it falls within a specific exception to the warrant requirement." *Id.* at 1240. Similarly, a warrantless seizure and detention of a person without probable cause or exigent circumstances, as described in Turner's petition, is unreasonable. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).[3]

Houseman argues that she is entitled to qualified immunity because she had a reasonable but mistaken belief that probable cause or exigent circumstances existed to justify the search and seizure. Aplt. Opening Br. at 13. But at this stage of the proceedings, we are limited to the allegations of Turner's complaint. His petition does not contain facts sufficient to justify a conclusion that Houseman acted on a reasonable but mistaken belief that the seizure and detention

---

[3]     We assume, for the purposes of this decision only, that Turner was seized and detained for Fourth Amendment purposes during his detention at the Attorney General's Office.

of Turner and search of his home was justified because of probable cause or exigent circumstances.

Turner has also met the second element of his burden, to show that the right allegedly violated was clearly established. "The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right mst be as the plaintiff maintains." *Roska*, 328 F.3d at 1248. It was clearly established, at least two years before the events in question, that absent probable cause and a warrant or exigent circumstances, neither police nor social workers may enter a person's home without a valid consent, even for the purpose of taking a child into custody, much less to conduct a search. *Id.* at 1248-50 & n.23. It was also established that the warrantless seizure and detention of a person without probable cause or exigent circumstances, as alleged in Turner's petition, is unreasonable. *See Olsen*, 312 F.3d at 1312. We therefore affirm the district court's denial of qualified immunity on Turner's Fourth Amendment claim against Houseman.

### 3. Due Process Claim

Turner's petition also includes a procedural due process claim under the Fifth and Fourteenth Amendments against Houseman. He alleges that the arrest violated his right "to be free from deprivation of one's liberty without due process of law." Aplt. App. at 20. The district court did not specifically address this claim in its order. Houseman's only argument concerning this claim is that child

protective services workers may remove a child from a home without prior notice or a court order, Aplt. Opening Br. at 14. The argument has no relevance to this case, however, since Turner does not allege that H.M.T. was present in his home or removed from there during the search. We therefore need not consider whether Houseman is entitled to qualified immunity as to Turner's due process claim resulting from the alleged wrongful arrest.

It is worth pointing out, however, that "the Fourth Amendment protects a person's liberty interests under the constitution by ensuring that any arrest or physical incarceration attendant to a criminal prosecution is reasonable . . . [t]he more general [procedural and substantive] due process considerations of the Fourteenth Amendment are not a fallback to protect interests more specifically addressed by the Fourth Amendment in this context." *See Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007). Thus, the Fourth Amendment, and not Fifth and Fourteenth Amendment due process considerations, appears to provide Turner's theory of liability.

We note, however, that Turner further asserts that Houseman's actions resulted in "injury to his professional reputation." Aplt. App. at 20. Turner may have a separate procedural due process claim based on this injury, if state law did not provide him with an adequate post-deprivation tort remedy. *See Becker*, 494 F.3d at 920-21.

**CONCLUSION**

We AFFIRM the district court's denial of qualified immunity to Houseman.

Entered for the Court

David M. Ebel
Circuit Judge